IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE BURNS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| GAROLD HOLCOMBE, an individual, | ) ) ) |
| CHRISTOPHER EPPERLY, an individual, | ) ) ) ) |
| 4) JENNIFER JOHNSON, an individual, | ) ) ) ) |
| 5) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEMINOLE, and | ) ) ) ) |
| 6) SEMINOLE COUNTY SHERIFF, | ) ) |
| Defendants. | ) |

Case No. CIV-11-240-JHP

## ORDER

Before the Court are Plaintiff's Motion to Compel Discovery,[1] Defendants Holcomb, Epperly, and Johnson's Response and Objection to Plaintiff's Motion to Compel,[2] Defendant Board's Response and Objection to Plaintiff's Motion to Compel,[3] Plaintiff's Reply to Defendant Board's Response and Objection to Plaintiff's Motion to Compel,[4] and Plaintiff's Reply to

---

[1]Docket No. 42.

[2]Docket No. 43.

[3]Docket No. 44.

[4]Docket No. 48.

1

Defendants Holcomb, Epperly, and Johnson's Response and Objection to Plaintiff's Motion to Compel.[5]

On February 14, 2012, this Court set a discovery deadline in this matter.[6] An official scheduling order was not entered, but the minute sheet of the status and scheduling conference clearly states that the discovery cutoff was May 1, 2012, and clearly references this date as a "deadline."[7] Plaintiff's instant Motion to Compel cites the refusal of Defendants' to comply with discovery requests issued by Plaintiff on April 6, 2012 and April 10, 2012. The Tenth Circuit law on this issue is clear, pursuant to Federal Rules of Civil Procedure 33(b)(3) and 34(b), all discovery requests *must be served* at least thirty days prior to the discovery deadline.[8] Here, Plaintiff's requests

---

[5]Docket No. 49.

[6]*See* Minute Sheet - Status and Scheduling Conference at 1, Docket No. 35 ("Court will not enter a scheduling order at this time but sets the following deadlines: Joinder of Additional Parties and/or Amendment to Pleadings - 3/15/2012; Discovery Cutoff - 5/1/2012; Dispositive Motions - 6/1/2012").

[7]*Id.* Plaintiff contends that the Court was unclear in as to what is meant by "discovery due by," and apparently alleges that this reference could be construed as meaning his discovery requests were due by May 1, 2012. *See* Motion to Compel at 3, 4, n.4, Docket No. 42. The Court recognizes some ambiguity may arise from the Docket Entry text for these minutes citing May 1, 2012 as the "Discovery due by" date. However, any ambiguity created by this reference is resolved by a plain reading of the minutes contained at this docket entry.

[8]*Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10thCir.2003) ("Our review of the briefs and the record reveals that Mr. Thomas served several discovery requests on August 2, 2001, after the completion of discovery deadline of July 31, 2001. However, *even if the requests had been served on July 31, the requests still were not timely. The Federal Rules of Civil Procedure allow parties thirty days to respond to interrogatories and requests for production. Therefore, requests must be served at least thirty days prior to a completion of discovery deadline*"); *accord* In re *Atlas Computers, Inc*., 2012 WL 630255, *2 (Bankr. N.D.Okla. Feb.27, 2012) ("The United States Court of Appeals for the Tenth Circuit has held that, in order to be timely, discovery requests 'must be served at least thirty days prior to a completion of discovery deadline.' *Pacificorp* appears to be well within the mainstream of thought on this issue") (*internal citations/quotation omitted*); *Handy v. Cummings*, 2012 WL 1144663, *1, (D.Colo., Apr. 4, 2012) ("Therefore, to be considered timely, discovery requests must be served at least thirty days

were submitted 24 and 20 days before the discovery deadline established by this Court. Plaintiff's discovery requests were untimely, therefore Plaintiff's Motion to Compel is **DENIED**.[9]

SO ORDERED this 14th day of May, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

(*Cont.*)  prior to the discovery deadline").

[9]Docket No. 42.