IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KATHERINE BURNS, )
)
      **Plaintiff,** )
)
vs. )
)
GAROLD HOLCOMBE, )
an individual, )
) Case No. CIV-11-240-JHP
CHRISTOPHER EPPERLY, )
an individual, )
)
JENNIFER JOHNSON, )
an individual, )
)
BOARD OF COUNTY )
COMMISSIONERS OF THE )
COUNTY OF SEMINOLE, )
)
      **Defendants.** )

## OPINION AND ORDER

Before the Court are Defendant Board's Motion and Brief to Strike Certain Exhibits Attached to Plaintiff's Response to Defendant Board's Motion for Summary Judgment,[1] Plaintiff's Response to Defendant Board's Motion to Strike Plaintiff's Exhibits,[2] Defendant Board's Reply to Plaintiff's Response to Defendant's Motion to Strike,[3] Defendants Johnson, Holcombe and Epperly's Motion to Strike,[4] Plaintiff's Response to Defendants Johnson, Holcombe, and Epperly's Motion

---

[1]Docket No. 58.

[2]Docket No. 68.

[3]Docket No. 69.

[4]Docket No. 81.

1

to Strike Plaintiff's Exhibits,[5] and Defendants Johnson, Holcombe and Epperly's Reply to Plaintiff's Response to Their Motion to Strike.[6]

For the reasons discussed below, Defendant Board's Motion and Brief to Strike Certain Exhibits Attached to Plaintiff's Response to Defendant Board's Motion for Summary Judgment,[7] and Defendants Johnson, Holcombe and Epperly's Motion to Strike[8] are **GRANTED**.

## BACKGROUND

The instant case is a refiling of an earlier case before this Court in which Plaintiff brought various tort and civil rights claims against the Defendants based on events surrounding the March 5, 2008 arrest of the Plaintiff. In that case, Plaintiff had been arrested at her place of employment on allegations she had made dozens of harassing phone calls and text messages to Defendant Johnson, a Seminole County emergency dispatcher, while Johnson was working at the dispatch center. Plaintiff alleged and continues to allege that the arrest was made under false pretenses (false arrest) and in violation of her rights under the Fourth and Fourteenth Amendments and state and federal law.[9]

That case, hereinafter referred to as *Burns I,* was partially resolved by Opinion and Order dated July 12, 2010.[10] In its Order, the Court made multiple evidentiary rulings striking certain

---

[5]Docket No. 82.

[6]Docket No. 83.

[7]Docket No. 58.

[8]Docket No. 81.

[9]First Amended Complaint at 2, Docket No. 36.

[10]*See Burns v. Holcombe (Burns I)*, 2010 WL 2756954, *16 (E.D.Okla. July, 12, 2010).

exhibits to Plaintiff's summary judgment responses and granted summary judgment to defendants on certain claims.[11] The Court further granted Plaintiff's contemporaneous motion to dismiss other claims pending appeal of Plaintiff's criminal conviction.[12]

On July 12, 2011, after a successful appeal of her criminal conviction, Plaintiff refiled the tort and civil rights claims not previously ruled upon by this Court.[13] Again Defendants seek summary judgment on Plaintiff's claims and seek to strike certain exhibits proffered by Plaintiff to oppose said motions. Many of these disputed exhibits seemingly mirror phone record fragments proffered by Plaintiff and struck by this Court in *Burns I*. As many of the disputed exhibits mimic those rejected in *Burns I*, the Court takes this opportunity to examine them in detail before taking up the parties' respective motions for summary judgment.

## **DISCUSSION**

In reviewing defendants' motions to strike, this Court recognizes that "at the summary judgment stage, the parties need not submit evidence in a form admissible at trial; however, the content or the substance of the evidence must be admissible."[14] The case law is clear that "(1) the content of summary judgment evidence must be generally admissible and (2) if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge."[15]

---

[11]*Id.*

[12]*See id.*

[13]*See* Docket No. 2.

[14]*Bryant v. Farmers Ins. Exchange*, 732 F.3d 1114 (10th Cir. 2005) citing *Hardy v. S.F. Phosphates Ltd.,* 185 F.3d 1076, 1082 n. 5 (10th Cir.1999).

[15]*Id.*

The Court first notes that none of the disputed phone records (Exhibits 2, 11, 20, 21, 22, and 24) are subject to *per se* authentication based on the fact that some of them appear to be labeled as created by the Seminole County Central Dispatch Center. Generally, "documents produced during discovery that are on the letterhead of the opposing, producing party are authentic *per se* for purposes of Federal Rule of Evidence 901."[16] Here, however, it is unclear which, if any, of these documents were actually produced by the defendants during discovery. Further, it is clear from reviewing each of the proffered exhibits bearing the Seminole County Central Dispatch Center name, that none are complete records. Rather, each contains a selection of pages from the complete call logs.[17] As the records were neither clearly produced by Defendants nor appear to be a complete representation of any possible production, the Court specifically rejects any application of *per se* authentication for the disputed records.

**A. Exhibits 20, 21, 22**

Defendant Board seeks to strike Exhibits 20, 21, and 22 from Plaintiff's Response to Defendant Board's Motion for Summary Judgment.[18] Similarly, Defendants Johnson, Holcombe, and Epperly seek to strike Plaintiff's Exhibits 20, 21, and 22 from the Plaintiff's Response to their

---

[16]*Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 (10th Cir.2009).

[17]*See, e.g.,* Plaintiff's Response to Defendant Board's Motion for Summary Judgment, Exhibit 22, pp. 8-9, Docket No. 54-21; Plaintiff's Response to Defendant Johnson, Holcombe, and Epperly's Motion for Summary Judgment, Exhibit 22, pp. 8-9, Docket No. 75-24 (record skips from page 7 to page 13).

[18]The exhibits in question do not match their CM/ECF Pagination. The exhibits in question are located in the record at Docket No.'s 54-19, 54-20, and 54-21 respectively.

Motion.[19] These exhibits are phone records and phone record summaries which Plaintiff used as evidence in her criminal trial. They are also the same or substantially similar to exhibits stricken by this Court in *Burns I*.[20]

For example, Plaintiff's instant Exhibit 20 contains an evidence label from Plaintiff's criminal trial noting it as "Defendant's Exhibit 1."[21] This record is substantially similar to exhibit 2 from the *Burns I* pleadings, the only difference being the summary from the instant exhibit appears to be missing a page containing phone calls after 1:41p.m.[22] In the case of Plaintiff's instant Exhibits 21 and 22, these exhibits contain the exact same summaries and records stricken by this court in *Burns I*.[23]

In *Burns I*, this Court struck Plaintiff's proffer of phone records because Plaintiff had failed

---

[19] The exhibits in question are out of order and do not match their CM/ECF pagination. The exhibits in question are located in the Record at Docket No.'s 75-16, 75-17, and 75-24 respectively.

[20] *Cf. Burns I*, 2010 WL 2756954 at *4.

[21] *See* Plaintiff's Response to Defendant Board's Motion for Summary Judgment, Exhibit 20 at 1, Docket No 54-19; Plaintiff's Response to Defendants Johnson, Holcombe, and Epperly's Motion for Summary Judgment, Exhibit 20 at 1, Docket No. 75-16.

[22] Plaintiff's Response to Defendant Board's Motion for Summary Judgment, Exhibit 20, Docket No. 54-19; Plaintiff's Response to Defendants Johnson, Holcombe, and Epperly's Motion for Summary Judgment, Exhibit 20, Docket No. 75-16 (containing ten pages). *Compare Burns I,* 09-CV-152*,* Plaintiff's Response to Board, Exhibit 2, Docket No. 91-3, Plaintiff's Response to Individual Defendants at Exhibit 2, Docket No.'s 115-3, 116-3 (containing eleven pages).

[23] Plaintiff's Response to Defendant Board's Motion for Summary Judgment, Exhibit 21,22, Docket No.'s 54-20, 54-21; Plaintiff's Response to Defendants Johnson, Holcombe, and Epperly's Motion for Summary Judgment, Exhibit 21, 22, Docket No.'s 75-17, 75-24. *Compare Burns I,* 09-CV-152*,* Plaintiff's Response to Board, Exhibits 4, 10, Docket No.'s 91-5, 91-11; Plaintiff's Response to Individual Defendants at Exhibit 4, 10, Docket No.'s 115-5, 115-11, 116-5, 116-11.

to authenticate those records through the sworn testimony of a witness with personal knowledge of their contents in the context of that litigation.[24] Here again, Plaintiff fails to properly authenticate these records based on the personal knowledge of a witness before offering them as evidence. In a vain attempt to demonstrate the personal knowledge requirement, Plaintiff offers that the documents were properly authenticated by Plaintiff herself in her criminal trial.[25] This argument was essentially raised in *Burns I* and rejected by this Court.[26]

Plaintiff also claims that the records have been personally authenticated by the Affidavit of Thomas D. Oliphant at Plaintiff's Exhibit 6.[27] This argument is a bit disingenuous, however, as the Oliphant affidavit specifically references only those copies of AT&T billing records attached to the affidavit. The exhibit containing the affidavit contains billing records, but does not include all of the records presented by plaintiff or any of the summaries included in Exhibits 20, 21, or 22. In looking at the Oliphant affidavit, the Court must assume that the affidavit only functions to authenticate the AT&T records included in Plaintiff's Exhibit 6. As such, it does little to authenticate the full proffer of records included in Plaintiff's Exhibits 20, 21, and 22.

---

[24]*Burns I*, 2010 WL 2756954 at *4 ("The Plaintiff argues that these records were admitted into the Plaintiff's criminal trial, but has made no effort to authenticate the documents for the purposes of this litigation").

[25]Plaintiff's Response to Defendant Board's Motion to Strike at 6, Docket No. 68. Plaintiff's Response to Defendants Johnson, Holcombe, and Epperly's Motion to Strike at 6, Docket No. 82.

[26]*Burns I*, 2010 WL 2756954 at *4 ("The Plaintiff argues that these records were admitted into the Plaintiff's criminal trial, but has made no effort to authenticate the documents for purposes of this litigation").

[27]Plaintiff's Response to Defendant Board's Motion to Strike at 6, Docket No. 68. Plaintiff's Response to Defendants Johnson, Holcombe, and Epperly's Motion to Strike at 6, Docket No. 82.

The instant Exhibits 20, 21, and 22 suffer the same infirmity they did in *Burns I*. Despite a nearly four-year litigation period in which Plaintiff could have sought to properly authenticate these documents, Plaintiff has still failed to do so. Without proper authentication, the Court has no way of knowing whether these summaries or records are an accurate representation of all the calls which actually occurred on the dates at issue. Consequently, the Court will not consider these records in determining summary judgment.

**B. Exhibits 2, 11, and 24**

Defendants also seek to exclude Plaintiff's Exhibits 2 and 11 from Plaintiff's Response to Defendant Board's Motion for Summary Judgment and Plaintiff's Response to Defendants Johnson, Holcombe, and Epperly's Motion for Summary Judgment. Further, Defendants Johnson, Holcombe, and Epperly seek to exclude Plaintiff's Exhibit 24 from Plaintiff's Response to Defendants Johnson, Holcombe, and Epperly's Motion for Summary Judgment. All of these exhibits contain further phone records and summaries purportedly from the call center from which Defendant Johnson was working.

With respect to Exhibits 2 and 11, Plaintiff alleges they were provided by former Seminole County Call Center director Tommy Arnold in 2008.[28] Plaintiff contends that as the documents were produced by a call center employee that they are properly authenticated.[29] Defendant Board specifically refutes this, stating clearly that the records proffered as Plaintiff's Exhibits 2 and 11 were not produced by Defendant Board in either *Burns I* or the instant case.[30] Although Plaintiff

---

[28] Plaintiff's Response to Defendant Board's Motion to Strike at 7, Docket No. 68.

[29] Plaintiff's Response to Defendant Board's Motion to Strike at 7-8, Docket No. 68.

[30] Defendant Board's Reply to Plaintiff's Response to Defendant's Motion to Strike at 2, Docket No. 69.

alleges these documents were "produced by Defendant Board," her allegations do not support that position.

*Burns I* was filed in Seminole County District Court on March 4, 2009.[31] From Plaintiff's own admission, these records were produced by Arnold, a call center employee, on April 28, 2008 and September 22, 2008.[32] As it is clear from Plaintiff's representations that these records were given to Plaintiff prior to any discovery in *Burns I*, these records were not produced by Defendant in the course of discovery. Plaintiff offers no argument that the records were even reviewed by Defendant Board's attorneys before Plaintiff received them. Records received by Plaintiff without the knowledge of Defendant's counsel could be incomplete or misleading, and certainly cannot fairly be said to have been authenticated by Defendant Board.

Plaintiff accuses Defendants of "lying behind the log" on this issue, as Plaintiff sought to have Defendant authenticate the records in question, but was rebuffed by Defense counsel.[33] Again Plaintiff is somewhat disingenuous, as her request for authentication came on or after April 6, 2012, less than 30 days before the close of discovery.[34] As noted in this Court's Order on Plaintiff's Motion to Compel, Plaintiff's requests for discovery were untimely, therefore Defendant's refusal to authenticate was not improper.[35] Finally, Plaintiff contends that she sought out Mr. Arnold to authenticate the records, but could not do so as Mr. Arnold was represented by counsel for

---

[31]*See* Petition at 1, Docket No. 2-4.

[32]Plaintiff's Response to Defendant Board's Motion to Strike at 7, Docket No. 68.

[33]Plaintiff's Response to Defendant Board's Motion to Strike at 8, Docket No. 68.

[34]*See* Plaintiff's Motion to Compel at 2, n.1, Docket No. 42.

[35]*See* Order at 2-3, Docket No. 53.

8

Defendant Board in all matters related to this case.[36]

Although Plaintiff's complaints of Defendants lying behind the law are not wholly unfounded, the blame for failure to authenticate the records at issue primarily falls upon Plaintiff. These records were received by Plaintiff as early as August 2008. The records at issue here appear to represent the same or substantially similar phone records to those discussed above. Despite having these documents in her possession for nearly four years, and despite this Court previously striking substantially similar documents for failure to properly authenticate, Plaintiff waited until the end of discovery in this action to seek authentication of these records she now claims are integral to her opposition to summary judgment.

Records authentication is not merely a perfunctory, procedural hurdle. Without some authentication by an individual with personal knowledge of the records' content that these records are complete and correct, the records lack the context to be properly considered by the Court. Consequently, the Court will not consider Plaintiff's Exhibits 2, 11, and 24 in determining the instant summary judgment motions.

**C. Exhibit 14**

The Defendants also seek to strike Plaintiff's Exhibit 14, the unsworn statement of non-party call center employee Marie Grant. Again, this exhibit mirrors an exhibit offered in *Burns I*, specifically Exhibit 14 to Plaintiff's.[37] Plaintiff has done nothing to rehabilitate this proffer, instead

---

[36]Plaintiff's Response to Defendant Board's Motion to Strike at 8, Docket No. 68.

[37]*See Burns I*, 09-CV-152, Plaintiff's Response to Board, Exhibit 14, Docket No. 91-15, Plaintiff's Response to Individual Defendants at Exhibit 14, Docket No.'s 115-15, 116-15.The Court notes that in Plaintiff's instant Response to Defendants Johnson, Holcombe, and Epperly's Motion for Summary Judgment, Exhibit 14 is referred to as "Appendix 14." It is identical to Exhibit 14 to Plaintiff's Response to Defendant Board's Motion for Summary Judgment.

opting to include a statement identical to the one rejected by this Court in *Burns I*.[38] Plaintiff has had nearly two years since this Court first rejected the admissibility of this statement to get a sworn statement or affidavit from this witness, but has failed to do so. As it has previously ruled on this issue, the Court will not consider Plaintiff's instant Exhibit 14 in considering the summary judgment motions.

**D. Plaintiff's "Motion" Pursuant to Rule 56(d)**

The Court briefly addresses Plaintiff's contention that without the instant records at issue Plaintiff cannot "present facts essential to justify her opposition to summary judgment."[39] Broadly construed, Plaintiff's arguments suggest a motion pursuant to Federal Rule of Civil Procedure 56(d). However, 56(d) relief is unavailable to this Plaintiff.

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery.[40] A prerequisite to granting such relief is an affidavit furnished by the non-movant.[41] This affidavit need not contain evidentiary facts, however it must explain why facts precluding summary judgment cannot be presented.[42]

Here, Plaintiff has failed to offer any such affidavit. This alone is enough to deny Plaintiff

---

[38]*Burns I*, 2010 WL 2756954 at *4 (finding Exhibit 14 an unsworn statement of third-party, therefore not considered) (*citing* Fed.R.Civ.P. 56(c)(2) and (e)).

[39]*See, e.g.,* Plaintiff's Response to Defendant Board's Motion to Strike at 7, Docket No. 68.

[40]Fed.R.Civ. P. 56(d).

[41]Committee for First Amendment v. Campbell, 962 F.2d 1517, 1522 (10thCir.1992).

[42]*Id.*

10

any relief under Rule 56(d). However, other circuits occasionally consider a motion pursuant to Rule 56(d) without an accompanying affidavit. For example, the Seventh Circuit has held that "[a]lthough a court may disregard a failure to formally comply with Rule [56(d)], the opposing party's request for a continuance must clearly set out the justification for the continuance."[43] Even this liberal construction of Rule 56(d)'s requirements offers Plaintiff no relief, as Plaintiff fails to provide sufficient justification for relief as required by the Rule.[44]

Furthermore, Plaintiff's request for relief requires more than an extension of time to respond or complete discovery, it would require the reopening of discovery. Looking to the relevant factors concerning whether discovery should be reopened, as discussed by the Tenth Circuit in *SIL-FLO, Inc. v. SFHC, Inc.*, the Court finds such action is not warranted.[45] Due to the unique schedule in this case, trial is not imminent. However, Defendants vigorously oppose this request, and it is clear that they will ultimately be prejudiced by any further extension or delay in a case that has already dragged on for nearly four years.

The record is clear that Plaintiff was in no way diligent in pursuing and authenticating

---

[43]*Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5, (7thCir.2000) (*citing Pfeil v. Rogers,* 757 F.2d 850, 856 (7th Cir.1985)) (*internal quotations/citations omitted*).

[44]*Id.* ("When a party fails to secure discoverable evidence due to his own lack of diligence, the necessary justification is lacking, and it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information.") (*internal quotations/citations omitted*).

[45]*See SIL-FLO*, 917 F.2d 1507,1514 (10th Cir.1990) (outlining factors "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence").

11

evidence within the time provided in the Court's scheduling order. Despite suffering the same problem, with the same evidence in *Burns I,* Plaintiff failed to resolve her authentication issues within the discovery period. This issue also evidences that the need for the additional discovery at issue was clearly foreseeable to Plaintiff. Finally, the Court questions the ultimate relevance of the evidence at issue, as this case hinges on whether Defendants were legally justified in arresting Plaintiff for her undisputed conduct of making harassing phone calls. As such, the *SIL-FLO* factors tend to weigh against any reopening of discovery in this matter, further weakening Plaintiff's plea for relief.

Ultimately, the "essential" evidence Plaintiff lacks is the direct result of Plaintiff's failure to timely secure authentication for the records and summaries at some point over the course of this four-year litigation. As such, Plaintiff's lack of evidence essential to oppose summary judgment is due primarily to Plaintiff's own dilatory conduct rather than any other, justifiable reason. Consequently, any request by Plaintiff pursuant to Rule 56(d) is unjustified, and Plaintiff is not entitled to Rule 56(d) relief.[46]

## **CONCLUSION**

For the reasons cited above, Defendant Board's Motion and Brief to Strike Certain Exhibits Attached to Plaintiff's Response to Defendant Board's Motion for Summary Judgment,[47] and Defendants Johnson, Holcombe and Epperly's Motion to Strike[48] are **GRANTED**.

---

[46]*See Allan Block Corp. v. County Materials Corp.*, 588 F.Supp.2d 976, 980 (W.D.Wis.2008) (" Rule [56(d) ] does not operate to protect parties who are dilatory in the pursuit of discovery") (*citing Doty v. Illinois Cent. R. Co.*, 162 F.3d 460, 461–62 (7th Cir.1998)).

[47]Docket No. 58.

[48]Docket No. 81.

IT IS SO ORDERED this 12th day of February, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma